

U. S. DEPARTMENT OF JUSTICE

NOV 2 9 2011

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

*WILLIAM J. IHLENFELD, II*
*United States Attorney*
*Northern District of West Virginia*

---

320 West Pike Street      Phone:  (304) 623-7030
Suite 300                 Fax:    (304) 623-7031
Clarksburg, WV 26301

October 6, 2011

Natalie Sal, Esquire
430 Spruce Street, Ste. 3
Morgantown, WV 26507

      Re:    *United States v. Tasha Vanscoy*
              Criminal No. 1:11CR62

Dear Ms. Sal:

        This will confirm conversations with you concerning your client, Tasha Vanscoy, (hereinafter referred to as Ms. Vanscoy).

        All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

        It is agreed between the United States and your client as follows:

        1.    Ms. Vanscoy will plead guilty to Count Sixteen of the Indictment, charging her with aiding and abetting in the distribution of a quantity of cocaine base, also known as "crack," within 1000' of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860, and Title 18, United States Code, Section 2.

        2.    The maximum penalty to which Ms. Vanscoy will be exposed by virtue of her plea of guilty, as stated in paragraph 1 above, is a term of imprisonment of at least one (1) year and not more than forty (40) years, a fine of not more than $2,000,000.00, or both, a period of supervised release of at least six (6) years, and a special mandatory assessment of $100.00 (18 U.S.C. §3013), which must be paid before the date of sentencing by money order or certified check, made payable

_____       _____
Tasha Vanscoy                          Date  10/28/11

_____       _____
Natalie Sal                            Date  10/28/2011
Counsel for Tasha Vanscoy

Natalie Sal, Esquire
October 6, 2011
Page 2

to the United States District Court.  It is understood that Ms. Vanscoy might be required by the Court to pay the costs of her incarceration.

      3.    Ms. Vanscoy will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of her and will give signed, sworn statements and grand jury and trial testimony relative thereto. Ms. Vanscoy will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

      4.    Nothing contained in any statement or any testimony given by Ms. Vanscoy, pursuant to paragraph 3, will be used against her as the basis for any subsequent prosecution.  It is understood that any information obtained from Ms. Vanscoy in compliance with her cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Ms. Vanscoy's applicable guideline range.  However, this agreement does not prevent Ms. Vanscoy from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting Ms. Vanscoy for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of paragraph 3 above.

      5.    At final disposition, the United States will advise the Court of Ms. Vanscoy's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.  At sentencing, the United States will move to dismiss the remaining counts in the indictment against Ms. Vanscoy.

      6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is not bound by these sentence recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

      7.    Provided the defendant pays the $100.00 special assessment fee on or before the day

_Tasha Vanscoy_____      _10/28/11_____
Tasha Vanscoy                         Date

_Natalie Sal_____      _10/28/2011_____
Natalie Sal                           Date
Counsel for Tasha Vanscoy

Natalie Sal, Esquire
October 6, 2011
Page 3

of sentencing, and provided the United States Probation Office recommends, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about her own involvement and provide timely notice her intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level for timely acceptance of responsibility, if applicable, if this agreement is executed and returned to the United States Attorney's Office by **5:00 p.m. on October 31, 2011**, and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

8.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that defendant distributed between 28 and 112 grams of cocaine base.  The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same.  Ms. Vanscoy understands and agrees that should the Court not accept the above stipulation, she will not have the right to withdraw her plea of guilty

9.      If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

10.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Ms. Vanscoy's background criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion.  The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Ms. Vanscoy or her counsel.

11.     Ms. Vanscoy is aware that Title 18, United States Code, Section 3742 affords a

_Tasha Vanscoy_
Tasha Vanscoy

_10/28/11_
Date

_Natalie Sal_
Natalie Sal
Counsel for Tasha Vanscoy

_10|28|2011_
Date

Natalie Sal, Esquire
October 6, 2011
Page 4

defendant the right to appeal the sentence imposed.   Acknowledging all this, the defendant
knowingly waives the right to appeal any sentence with a base offense level of twenty-eight or lower
under the U.S.S.G. (or the manner in which that sentence was determined) on the grounds set forth
in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United
States in this plea agreement.   The defendant also waives her right to challenge her sentence or the
manner in which it was determined in any collateral attack, including, but not limited to, a motion
brought under Title 28, United States Code, Section 2255.  The parties have the right during any
appeal to argue in support of the sentence.

        12.      If the defendant's plea is not accepted by the Court or is later set aside or if the
defendant breaches any part of this agreement, then the Office of the United States Attorney will
have the right to void this agreement.

        13.      The above twelve (12) paragraphs constitute the entire agreement between Ms.
Vanscoy and the United States of America in this matter.  There are no agreements, understandings
or promises between the parties other than those contained in this agreement.

                                            Very truly yours,
                                            William J. Ihlenfeld, II
                                            United States Attorney

                              By:    _____
                                            Zelda E. Wesley
                                            Assistant United States Attorney


As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have
read and understand the provisions of each paragraph herein and, hereby, fully approve of each
provision.




_____          _____
Tasha Vanscoy                               Date 10/28/11

_____          _____
Natalie Sal                                 Date 10/28/2011
Counsel for Tasha Vanscoy